Mary K. Alejandro
Acting Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#1119411)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
　　　Telephone: (213) 894-5410
　　　Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>　Secretary of Labor,<br>　United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>**LA LASER CENTER, PC,** a California Corporation, dba, **LA LASER CENTER;**<br>**DANIEL TAHERI, MD, INC.,** a California Corporation;<br>**DANIEL P. TAHERI,** individually and as managing agent of corporate defendants;, and<br>**MEHRY M. TAHERY,** individually and as managing agent of corporate defendants,<br><br>　　　　Defendants. | Case No. CV 11-09504 CAS(SSx)<br><br><br><br><br><br>**CONSENT JUDGMENT** |

　　　Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, LA Laser Center, PC, a California Corporation, dba LA Laser Center, Daniel Taheri, MD, Inc. a California Corporation, Daniel P. Taheri, individually and as managing agent of corporate defendants, and Mehry M. Tahery, individually and as managing agent of corporate defendants (collectively "Defendants"), have

**Consent Judgment** (Sol#1119411)　　　　　　　　　　　　　　　　　　　　Page 1 of 11

agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.     The Secretary has filed a First Amended Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.     Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C.     Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendants concede responsibility for the alleged acts but neither admit nor deny that the acts were performed intentionally.

F.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

1.     Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours

unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.   Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.   Defendants, jointly and severally, shall not continue to withhold the payment of $ 21,000.00 in overtime pay hereby found to be due under the FLSA to 33 employees, as a result of their employment by Defendants during the period of November 15, 2008 through May 8, 2010 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

4. The Defendants, jointly and severally, shall not continue to withhold payment of $ 5,000 in unpaid civil money penalties assessed against the Defendants and finally determined, pursuant to authority granted in FLSA § 16(e), for violations of the overtime pay provisions of the FLSA during the aforementioned backwage accrual period.

5.   To accomplish the requirements of Paragraphs 3 and 4, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd., Suite 960, Los Angeles, CA 90017, the following:

a. Within 30 days of the execution of this Judgment by the parties, a schedule in duplicate bearing the firm name, employer identification number(s), address, and phone number of the Defendants and showing the name, last known (home) address, social security number, and gross backwage amount for each person listed in the attached Exhibit 1;

b. Within 30 days of the execution of this Judgment by the parties a certified or cashier's check or money order in the amount of $ 21,000.00 with the firm name and "BWs" written thereon, payable to the order of the "Wage & Hour Div., Labor," in payment of the overtime backwages.

c. In the event of a default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary;

d. Within 30 days of the execution of this Judgment by the parties, a certified or cashier's check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $5,000.00 in payment of the civil money penalty assessed against the defendants for overtime pay violations.

6.   The Secretary shall allocate and distribute the funds described in paragraph 3 less deductions for employees' share of social security and withholding taxes to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

7.  Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record all hours worked by employees in the payroll records.

b. Defendants shall maintain all timecards and payroll records for a period

of not less than three years.

c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

d. Defendants shall pay employees for all compensable waiting time.

e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

g. Defendants shall not require employees to work "off the clock" either before or after their shift.

h. Defendants shall not demand or accept a return of any portion of the employees' wages.

i. Defendants shall not threaten, terminate, reduce the pay or otherwise retaliate in any manner against any employee who has asserted his or her rights under the FLSA or who has complained or is suspected to have complained to any government entity regarding violations of the FLSA.

j. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee; and it is further,

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by

such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: April 5, 2012

Christina A. Snyder
_
Honorable Christina A. Snyder
U.S. District Court Judge

For the Defendants:

Each defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

DANIEL P. TAHERI

4 - 3 - 12
Date

MEHRY M. TAHERY

0 4 - 03 -12
Date

For: LA LASER CENTER, PC,
dba, LA Laser Center

By: _____
DANIEL P. TAHERI, Authorized Agent

4 - 3 - 12
Date

Its: _____

For: DANIEL TAHERI, MD, INC.,

By: _____
DANIEL P. TAHERI, Authorized Agent

4 - 3 - 12
Date

Its: _____

**Consent Judgment** (Sol#1119411)

Page 7 of 10

1    For the Defendants:

2

3    Each defendant hereby appears, waives any
defense herein, consents to the entry of

4    this Judgment, and waives notice by the
Clerk of Court:

5

6

7    _____

DANIEL P. TAHERI                      Date

8

9

10

11    _____      03-19-12

MEHRY M. TAHERY                    Date

12

13

14    For: LA LASER CENTER, PC,
dba, LA Laser Center

15

16

17    By: _____     03-19-12

18       MEHRY TAHERY, Authorized Agent        Date

19

20    Its: _____

21

22    For: DANIEL TAHERI, MD, INC.,

23

24

25    By: _____     03 19-12

26       MEHRY TAHERY, Authorized Agent        Date

27

28    Its: _____

**Consent Judgment** (Sol#1119411)                                      Page 7 of 9

1

2

3    Reviewed as to Form Only:

4    Courteau & Associates

5

6    _____        $2-19-12$
                                             _____
7    Diana L. Courteau                       Date
     Attorney for Defendants
8

9

10

11

12   Saghian Law Firm

13

14   _____        $3/19/12$
                                             _____
15   Edwin Saghian                           Date
16   Attorney for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment** (Sol#1119411)                                    Page 8 of 9

For the plaintiff:

M. PATRICIA SMITH,
Solicitor of Labor
MARY K. ALEJANDRO
Acting Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____          3 - 19 - 12
BORIS ORLOV, Attorney            Date
Attorneys for the Plaintiff
U.S. Department of Labor

**Consent Judgment** (Sol#1119411)                                    Page 9 of 9

EXHIBIT 1

| Name | Period Covered | | Amount Due |
|------|------|------|------|
| Andrade , Jessica | 9/5/2009 | 4/24/2010 | $492.61 |
| Arroyo, Aida | 6/13/2009 | 10/24/2009 | $373.39 |
| Benadom, Katie | 3/6/2010 | 4/10/2010 | $27.81 |
| Castillo, Susana | 12/13/2008 | 12/13/2016 | $1,096.74 |
| Collard, Carla | 1/24/2009 | 5/8/2010 | $1,192.63 |
| Cott, Tony | 9/5/2009 | 10/24/2009 | $19.04 |
| Cox, Connie | 11/29/2008 | 5/8/2010 | $2,635.06 |
| Cox, Sali | 2/14/2009 | 5/23/2009 | $22.99 |
| Crapia, Lauren | 4/13/2009 | 10/24/2009 | $120.95 |
| Harris, Michelle | 1/24/2009 | 11/21/2009 | $1,313.54 |
| Hernandez, Andrea | 1/9/2010 | 4/24/2010 | $73.49 |
| Hernandez, Teresa | 2/7/2009 | 4/10/2010 | $78.74 |
| Huerta, Angelica | 2/6/2010 | 5/8/2010 | $191.21 |
| Knobelauch, Keri | 4/18/2009 | 9/26/2009 | $10.07 |
| Martinez, Melanie | 1/10/2009 | 6/20/2009 | $242.18 |
| Mccray, Shanice | 12/6/2008 | 4/10/2010 | $169.66 |
| Michel, Enedina | 12/13/2008 | 3/13/2010 | $196.14 |
| Miller, Patricia | 2/17/2009 | 3/14/2009 | $89.97 |
| Vicki, Muse | 12/20/2008 | 1/24/2009 | $388.98 |
| Nunez, Maria Letty | 12/13/2008 | 4/24/2010 | $755.58 |
| Oneil, Cristi | 12/13/2008 | 3/13/2010 | $70.17 |
| Pagtalunan, Mary Joan | 12/13/2008 | 8/29/2009 | $1,609.80 |
| Parsons, Jessaca | 9/19/2009 | 10/24/2009 | $79.57 |
| Pena, Mavel | 2/6/2010 | 4/10/2010 | $208.01 |
| Quintana, Rhiannon | 2/20/2010 | 5/8/2010 | $1,957.35 |
| Rodriguez, Vanessa | 12/3/2008 | 4/24/2010 | $497.22 |
| Salinas, Mary Helen | 10/3/2009 | 1/30/2010 | $298.67 |
| Sayeed, Roya | 3/6/2010 | 3/27/2010 | $465.35 |
| Marilyn, Samson | 1/10/2009 | 12/5/2009 | $2,471.77 |
| Thompson, Tricia | 12/13/2008 | 12/28/2009 | $1,069.48 |
| Troung, Toan | 10/31/2009 | 12/13/2010 | $480.90 |
| Valaer, Olivia | 3/21/2009 | 1/30/2010 | $1,217.78 |
| Tomaka, Michelle | 2/20/2010 | 4/25/2010 | $1,083.15 |

**Consent Judgment** (Sol#1119411)